48 F.3d 1226
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 David M. WAGNER; Linda Wagner, husband and wife, Appellants,
v.
WESTINGHOUSE ENGINEERING SERVICES, a Division of
Westinghouse Electric Corporation, a Pennsylvania
corporation, Appellee,
v.
Holland Company, an Illinois corporation, Appellee.
 No. 94-2582.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 16, 1995.
Filed: Mar. 3, 1995.
 
 Before FAGG, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 David and Linda Wagner appeal from a district court[1] judgment entered on a jury verdict and an order denying their motion for a new trial. David Wagner was employed by Holland Company (Holland) as a supervisor at a railroad track welding plant. On August 29, 1990, Wagner was informed by Vern Zigler, another Holland employee, that the plant was experiencing power problems. After unsuccessfully attempting to locate the problem, Wagner called Westinghouse Engineering Services (Westinghouse), which sent Christianson, a Westinghouse employee, to remedy the situation. Zigler and Wagner assisted Christianson in the repairs. During the repairs, Wagner was electrocuted, resulting in the loss of part of his left arm.
 
 
 2
 Wagner and his wife sued Westinghouse in Minnesota state court. Westinghouse removed the case to federal court and named Holland as a third party defendant. During trial, Westinghouse raised a "common enterprise" defense which was ultimately submitted to the jury. The Wagners requested several instructions that were refused. The jury returned a verdict that found Christianson to be 35%, Zigler 25%, and Wagner 40% liable for the injury. This finding precluded recovery under Minnesota's comparative fault act. See Minn. Stat. Sec. 604.01 (1988 & Supp. 1995). The jury also found that Christianson and Wagner were engaged in a common enterprise, thereby precluding recovery under Minnesota's worker's compensation act. See Minn. Stat. Sec. 176.061 (1993). The Wagners' two motions for new trial were denied and they timely appealed.
 
 
 3
 The Wagners claim that the district court erroneously (1) permitted Westinghouse to belatedly raise the common enterprise defense; (2) directed a verdict for Westinghouse on the issue whether Westinghouse negligently assigned Christianson to perform the Holland repairs; (3) refused the Wagners' proposed jury instructions; (4) submitted the common enterprise defense to the jury; (5) refused to inform the jury of the effect of the special verdict; (6) excluded a video tape concerning Westinghouse safety rules; and (7) denied the Wagners' motions for a new trial where the jury was confused and awarded inadequate damages.
 
 
 4
 We have heard the arguments of the parties and we have carefully reviewed the record and the parties' briefs. After this review, we conclude that no error of law appears in the district court's handling of the contested issues. We also conclude that an extended opinion would have little precedential value, as it would simply rehash well-settled principles. Accordingly, we affirm the judgment of the district court without further discussion. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior Judge, United States District Court for the District of Minnesota